[Cite as *Calicoat v. Calicoat*, 2018-Ohio-4447.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| POLLY A. CALICOAT | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28014 |
| | : | |
| v. | : | Trial Court Case No. 1997-LS-57 |
| | : | |
| KEITH B. CALICOAT | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2018.

. . . . . . . . . . .

KEITH B. CALICOAT, 266 Skyview Drive, Vandalia, Ohio 45377
    Defendant-Appellant, Pro Se

AARON HILL, Atty. Reg. No. 0085471, 1111 S. Edwin C. Moses Boulevard, Dayton, Ohio 45422
    Attorney for Defendant-Appellee, MCSEA

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the May 31, 2018 Notice of Appeal of Keith Calicoat. Keith[1] appeals from the May 17, 2018 judgment of the domestic relations court, which overruled his objections to the Magistrate's Decision and dismissed his August 30, 2017 "Amended Motion to Vacate the May 5, 2014 Order Per Civil Rules 60B & 60D or Modify." In the May 5, 2014 Order, the Magistrate determined Keith's child support obligation and arrearage, and Keith did not object to the Magistrate's determination. We hereby affirm the judgment of the trial court.

{¶ 2} The record reflects that Keith and Polly Calicoat were granted a Judgment and Decree of Separation on June 3, 1998. Two children were born as issue of their marriage, namely T.B.C. and E.A.C. In a supplement order filed on October 23, 1998, Keith was ordered by to pay child support in the amount of $307 per month, per child. The supplemental order reflects that, at the time, there was an arrearage in the amount of $785 under the court's temporary child support order, and that amount was conditionally waived so long as Keith remained current in his obligation.

{¶ 3} On April 8, 2005, Keith filed a "Motion to Modify/Reduce Support Payments." On May 11, 2005, an Agreed Order was filed which provided that Keith's child support account was current as of March 31, 2005 (again waiving the arrearage.) The Agreed Order reflected that Polly owed Keith $800 "in regard to the van," and that Keith would be repaid the $800 by reducing his monthly child support obligation from $614 per month to $514 per month; "[t]he $100 per month he does not pay toward his obligation will reduce the balance on the $800 per month van debt." This matter was set for review on May

---

[1] We utilize first names to avoid any confusion.

31, 2005.

{¶ 4} On July 6, 2005, an "Agreed Order" was filed which reduced Keith's child support obligation from $307 per month per child to $189 per month per child, effective April 8, 2005.

{¶ 5} On July 16, 2012, an "Entry and Order Emancipating the Parties' Child, [T.B.C.]," was issued, stating that T.B.C. was emancipated as of June 8, 2012. The entry ordered Keith to pay child support in the amount of $385.56 per month, "representing $189.00 per month per child current support for 1 child, and $189.00 per month on the arrearage until paid in full," plus the 2% processing fee.

{¶ 6} In June 2012, Polly requested an administrative review of the child support. The SEA conducted the review in July 2012. On August 27, 2012, the trial court filed an Entry and Order Adopting the Support Enforcement Agency's (SEA) Administrative Adjustment Recommendation, which provided in part as follows: Effective August 1, 2012, a "Notice to Withhold shall issue in the amount of $479.90 per month," representing $206 per month current support for one child, $189 per month on the child support arrearage, $75 per month cash medical support, plus the SEA 2% processing fee. The July 27, 2012 Administrative Adjustment Recommendation – Desk Review, prepared by the SEA, was attached to the trial court's Entry and Order. The recommendation set forth that the current child support obligation was as follows: $189 per month on current support, plus $189 per month on the arrearage, plus $7.56 per month on fees, for a total monthly obligation of $385.56. The review stated that Keith "did not return his affidavit," and that the SEA "was unable to verify his current income" and "received no evidence or verifications of the following: local taxes, health insurance, childcare, other mandatory

deductions, * * *."

{¶ 7} On March 13, 2014, the trial court issued a Notice that E.A.C. "should be emancipated on June 8, 2014" and that her child support may be terminated at that time. The Notice further provided that SEA records showed "an <u>unaudited</u> arrearage of approximately **$3,085.78 as of MARCH 12, 2014.**" (Emphasis sic.)   Keith requested a Mistake of Fact hearing, which was set for April 30, 2014 at 9:00 a.m.   Attached as an exhibit to the Notice of Mistake of Fact Hearing was a document filed by Keith on March 15, 2014, which asserted that "Emancipation should be [as of] May 31st since [E.A.C.] will be 18 & graduated by that time."   The exhibit was dated March 15, 2014, and signed by Keith, reflecting an address on Skyview Drive in Vandalia.

{¶ 8} Neither Polly nor Keith appeared at the Mistake of Fact Hearing.   On May 5, 2014, the Magistrate issued a Decision that provided as follows:

> The Agency [SEA] computed defendant's child support obligation to be $206 per month per child for one child plus $75 per month for cash medical due to the fact that no evidence was presented that health insurance for the minor child was being provided by either party.   Because the Agency records reflected a child support arrearage, the Agency ordered that defendant pay an additional $189 per month towards that child support arrearage.   Defendant's total child support obligation, including [the] 2% administrative fee, was set at $446.76 per month.   It is from this review and the notice of potential emancipation of [E.A.C.], reflecting an unaudited child support arrearage of approximately $3,085.78 as of March 12, 2014, that defendant filed his request for a mistake of fact hearing.

The Agency provided the Court with an audit of SETS Account 7002428584 as of March 31, 2014 (Court Exhibit I) that reflects a child support arrearage of $2,799.27 plus $275.96 administrative fee arrearage for a total arrearage of $3,075.23.

The Court has reviewed the Agency audit and has found an apparent oversight. The audit correctly reflects that an Agreed Order effective May [11], 2005 set defendant's child support arrearage in balance as of March 31, 2005. However, the Agency did not adjust the child support obligation to reflect a temporary $100 per month suspension of support to account for an $800 debt owed by plaintiff to defendant. (See, Agreed Order, May 11, 2005 at paragraph 2).

The court finds defendant's child support obligation for the eight month period, May 1, 2005 through December 31, 2005, should [have] been $257 per month per child for two children. Effective January 1, 2006 the obligation should [have] returned to $307 per month per child for two children. The audit reflects that the Agency failed to adjust for the eight month period at the reduced child support obligation rate.

The Agency shall conduct a new audit of the account taking into consideration the eight month period for reduced child support obligation.

Upon further review of the Agency administrative recommendation, the Court finds that the recommended increase in child support obligation from $189 per month per child for one child to $206 per month per child for one does not satisfy the 10% rule set forth in R.C. 3119.79. * * * Therefore,

the Court shall not adopt the administrative recommendation. Defendant's child support obligation shall remain at $189 per month per child for one child.

The Court recognizes that the minor child [E.A.C.] is predicted to graduate from high school in June 2014. Even with the aforementioned adjustments on defendant's child support arrearage, the court anticipates there will be a remaining child support arrearage due in this matter. Therefore, the Court orders that the repayment of the arrearage shall be set at 20% of the current support obligation. Therefore, defendant shall pay $38 per month towards the child support arrearage.

In consideration of the proximity of the emancipation of [E.A.C.], the Court finds that it is appropriate to emancipate [E.A.C.] effective June 8, 2014. Upon the emancipation of [E.A.C.], repayment of the child support arrearage shall be set at $227 per month until paid in full plus 2% administrative fee. The repayment of $227 per month consists of the existing $189 per month ongoing child support plus the $38 per month repayment of the arrearage. The $75 per month cash medical shall be in effect until the child has been emancipated at which time the cash medical obligation shall be terminated.

**{¶ 9}** The Magistrate ordered the SEA to "correct its records" as follows:

1. Defendant's request for a mistake of fact hearing is hereby granted and found with merit.

2. * * * The Agreed Order effective May [11], 2005 shall reflect the

suspension of the $100 total in the defendant's child support obligation for the eight month period from May 1, 2005 through December 31, 2005. The support obligation during that period shall be $257 per month per child for two children.

3. Effective January 1, 2006, defendant's child support obligation shall resume at $307 per month for two children through August 1, 2012.

4. The Entry and Order adopting the Agency administrative adjustment recommendation issued July 27, 2012 [sic] is hereby vacated.

5. The minor child [E.A.C.] * * * is hereby emancipated effective June 8, 2014.

6. Defendant's child support obligation from August 1, 2012 shall consist of $189 per month per child for one child plus $75 per month cash medical plus $38 towards the child support arrearage plus 2% administrative fee. Defendant shall continue to make payments * * * in the amount of $308.04 per month.

7. Effective June 8, 2014, defendant's repayment of child support arrearage shall be set at $227 per month plus 2% administrative fee for a total monthly payment of $231.54.

8. Cash medical support of $75 per month shall terminate effective June 8, 2014.

{¶ 10} The Magistrate's Decision provided that any objection to the Decision must be filed within 14 days of its filing and that it would become "the Permanent Order of the Court" if no objections were filed. Neither party filed objections to the Magistrate's

Decision.

{¶ 11} Two years later, on May 27, 2016, the SEA filed a "Motion to Show Cause (First Contempt – Child Support)." The motion stated that Keith was "in arrears in support payments in the amount of $22,410.57, as of May 11, 2016, according to the records/audit" of the SEA. However, on October 19, 2016, the SEA filed a motion to dismiss the show cause motion without prejudice, and the trial court did dismiss it.

{¶ 12} On July 5, 2017, Keith filed a "Motion for Correction of Error in Child Support." Keith sought orders "to correct the error that there is an arrearage in defendant's child support obligation," to "refund the over payment of child support in the amount of $619.54," to "show that defendant's child support is current * * *," and to "have the defendant's driver[']s license unsuspended and any expense, if any, be paid" by SEA. Keith also sought costs and attorney fees. A hearing on Keith's motion was held on August 15, 2017.

{¶ 13} On August 24, 2017, Keith filed a "Motion to Vacate" the Magistrate's May 5, 2014 order "per Civil Rule 60b & 60d or Modify." The motion stated as follows:

Now comes the Defendant, Keith Calicoat * * * having just become aware of the mistake concerning [his] child support obligation respectfully moves this court as follows per Civil Rule 60(b) & 60(d) to vacate or modify the order of May 5, 2014 due to * * * a mistake in the child support obligation. Montgomery County Support Enforcement Agency * * * made a mistake in claiming that "Effective January 1, 2006 the obligation should have been returned to $307 per month per child for two children. The audit reflects that the Agency failed to adjust for the eight month period at the reduced

child support obligation rate." and [sic] mistakenly raised the child support obligation back 8 years to what it appears January 1, 2006. But per the Agreed Order dated July 6, 2005, the child support obligation was permanently reduced from $307 per month per child for two children, effective April 8, 2005, * * *. So the child support obligation should never have been raised to the $307 per month per child for two children. Also parties [were] not notified that this hearing was going to modify any child support. Defendant respectfully moves the court to grant the vacate of the May 5, 2014 Order for the purpose of correcting the mistake of that Order and in the interests of justice.

Defendant respectfully moves the court that if the court [cannot] vacate the May 5, 2014 Order that the Court entertain an independent motion to modify the child support obligation to reduce it from the $307 per month per child to $189 per month per child for two children concurrent to the dates of the May 5, 2014 Order. This motion is requested by the court for the purpose of correcting the mistake of the May 5, 2014 Order and in the interests of justice.

Defendant requests for an Order to show that defendant's child support is current.

{¶ 14} On August 30, 2017, Keith filed an "Amended Motion to Vacate Order per Civil Rules 60b & 60d or Modify," in which he repeated the above arguments.

{¶ 15} The Magistrate issued a Decision on September 29, 2017, on Keith's "Motion for Correction of Error in Child Support." The Decision stated in part as follows:

A provisional audit supplied by the agency [SEA] is attached as Appendix I.[2] It reflects the child support obligation accurately pursuant to the June 6, 2005 order with the $800.00 suspension/credit.

It is found that the Magistrate Decision and Permanent Order filed May 5, 2014 contains a clerical error when it directed the Support Enforcement Agency to correct records to show the incorrect child support obligation.

Based upon the calculations made under the correct and accurate child support orders, there will still be a child support arrearage of $1,154.02 plus administrative fees of $351.22.

Defendant requests a refund, and zero arrearage, attorney fees and costs as part of his motion. While defendant is entitled to a correction of his support account, he is still in arrears and there is no overpayment. Defendant has not paid toward the arrearage since 2016 and he may seek reinstatement of his driver's license through the Support Enforcement Agency by commencing payment on the present arrears.

{¶ 16} The Magistrate's Decision provided that the May 5, 2014 Decision was "corrected under Rule 60(A) as follows":

1. Defendant's child support account shall be credited with the sum of $800.00 representing the agreement of May 11, 2005.

2. Child support shall be $189.00 per month per child for two (2) children, effective April 8, 2005 representing the agreement of [July 6,]

---

[2] There is not an audit attached to the decision.

2005.

    3.   The minor child [T.B.C.] remains emancipated as of June 8, 2012 with child support being $189.00 per month for one (1) child, effective June 8, 2012.

    4.   Cash medical support of $25.00 monthly is ordered, effective August 1, 2012 as set forth in the Support Enforcement Agency's Administrative Modification filed August 27, 2012.

    5.   The minor child [E.A.C.] remains emancipated, effective June 8, 2014 with child support terminated in the amount of $189.00 per month and $25.00 cash medical, effective June 8, 2014.

    6.   Defendant shall pay $50.00 monthly on any remaining arrearage.

**{¶ 17}** Keith filed objections to the Magistrate's September 29, 2017 Decision on October 13, 2017. He objected to the Magistrate's determination that there was an arrearage in the amount of $1,154.02, arguing that there was "an overpayment of $148.59 of child support for dates April 1, 2005 to June 7, 2014." Keith also objected to the medical support payments effective August 1, 2012, asserting that the "minor children were covered by medical insurance and so these payments should not have been put in place." Keith asserted that there was "also money taken from Defendant's bank account in the amount of $463.08 and that would bring the total over payment to be $611.67 that the Defendant requests a refund for." Keith also sought costs and attorney fees.

**{¶ 18}** On December 5, 2017, Keith filed "Supplemental Objections" which were almost identical to his filings of August 24 and 30, 2017.

**{¶ 19}** A hearing was held on August 15, 2017, at which Keith and SEA

representative Erin Otis were present. On January 24, 2018, the court issued a decision on Keith's objections to the Magistrate's Decision of September 29, 2017. The decision provided in part as follows:

Keith contends that the current Magistrate Decision is against the manifest weight of the evidence. Keith testified that had the error not been made in the May 11, 2005 Order (the failure of the SEA to consider the reduction for the $800.00 debt owed to Obligor) and the May 5, 2014 Order (reinstating child support at the amount before the Agreed Order set the support at $189.00 per month per child), and the addition of the cash medical amount, the arrearage would not have accumulated.

Because of the inaccuracy in the court's orders to the SEA, the court finds it necessary for the SEA to perform a new audit. This audit shall accurately reflect the modification to $189.00 per month per child for two children as per the Agreed Order filed [July 6,] 2005. The audit shall also reflect the agreement to offset the child support obligation $100.00 for eight months. Keith shall be afforded the opportunity to provide proof to the SEA that the two children were covered by private health insurance during the applicable time period to alleviate the necessity for the credit for cash medical payment.

Keith requests reimbursement of costs and attorney fees. There was no testimony at the hearing concerning the amount or the reasonableness of the costs and/or attorney fees for which Keith requests reimbursement. This request is overruled. * * *

**{¶ 20}** The court corrected the Magistrate's May 5, 2014 Decision pursuant to Civ.R. 60(A) by: crediting Keith's child support account with the sum of $800, representing the agreement of May 11, 2005; ordering child support in the amount of $189.00 per month per child for two children, effective April 8, 2005, representing the [July 6,] 2005 agreement; deeming [T.B.C.] emancipated as of June 8, 2012, with child support being $189.00 per month per child for one child, effective June 8, 2012; ordering cash medical support in the amount of $25.00 per month, effective August 1, 2012, as set forth in the August 27, 2012 modification[3]; deeming [E.A.C.] emancipated, effective June 8, 2014, and terminating child support and cash medical as of that date. The court ordered Keith to pay $50 per month on any remaining arrearage and ordered the SEA to "conduct an audit to determine child support arrearage, if any, based upon the corrected court orders. This audit shall accurately reflect the modification to $189.00 per month per child for two children, effective April 8, 2005 * * *. The audit shall also reflect the agreement to offset the child support obligation of $100.00 for eight months * * *."

**{¶ 21}** On February 21, 2018, a Magistrate's Decision was issued on Keith's August 30, 2017 "Amended Motion to Vacate Order per Civil Rules 60b & 60d or Modify," following a hearing on January 23, 2018. The Magistrate determined in part as follows:

> Defendant filed an amended motion on August 30, 2017 to vacate the order of May 5, 2014. Defendant also wishes for the court to modify his order retroactive to May 2014.

---

[3] As noted above, the August 27, 2012 "Entry and Order Adopting SEAs Administrative Adjustment Recommendation" provided in part that a "Notice to Withhold shall issue in the amount of $479.00 per month, representing * * * $75.00 per month cash medical support * * *."

Defendant at the hearing asserted a constitutional right to be heard. The hearing held by the court on April 30, 2014 was the result of defendant requesting a Mistake of Fact in response to a Notice of Potential Emancipation filed March 13, 2014. The Notice of Mistake of Fact was filed March 19, 2014. The notice filed has attached to it defendant's request for Mistake of Fact. Defendant identified his address a[s] * * * Skyview Drive, Vandalia, Ohio. This is his current address. Defendant testified he did not "recall" seeing the notice.

The decision rendered on May 5, 2014 indicates that neither the plaintiff nor the defendant appeared at this hearing. The decision rendered became a final order in 2014.

As previously found in the Magistrate's Decision filed September 29, 2017, there was a clerical error in the May 5, 2014 Magistrate Decision. This was corrected to reflect the actual amount of child support of $189 monthly. This correction greatly reduced the arrearage shown in the SEA records.

The Magistrate Decision filed in September 2017 notes that an arrearage still existed in the account.

Defendant requests that the 2014 order now b[e] vacated. The defendant's 60(B) motion is filed three years after the final judgment. There was no credible evidence excusing the delay beyond the requisite one year for the filing [of] the motion. Defendant has been arguing with the SEA over the arrears since 2014.

Moreover Defendant has not presented probative evidence that he is entitled to further relief. He has not demonstrated any error in the Agency's computations that have been based on final court judgments.

Defendant was ordered to pay cash medical of $75 monthly from August 1, 2012 until June 7, 2014. On August 27, 2012 defendant was ordered to pay cash medical of $75. This order was not appealed. The order of May 5, 2014 did not establish the cash medical obligation.

Defendant's exhibit C shows copies of insurance cards for the two children. It does not show which party provided the insurance and the time period for the coverage.

Defendant has failed to prove by the preponderance of the evidence that he has timely filed his 60(B) motion or that he is entitled to the relief requested.

Defendant's request to retroactively modify child support and the cash medical order has neither factual nor legal support.

IT IS THEREFORE ORDERED and the Support Enforcement Agency shall correct its records as follows:

1. Defendant's amended motion filed August 30, 2017 to vacate the May 5, 2014 order is not found well-taken and is dismissed.

2. Defendant shall commence payment on the arrearage, if any, immediately.

{¶ 22} Keith filed objections on March 8, 2018. He argued that "there was a motion to vacate per Civil Rule 60(d), that was not ruled on." He asserted that he should

not have been required to pay medical support payments effective August 1, 2012, since the children "were covered by medical insurance." According to Keith, there was "also money taken from Defendant's bank account in the amount of $463.08 and that would bring the total overpayment to be $611.67 that the Defendant requests a refund for." Keith requested costs and attorney fees.

**{¶ 23}** In overruling Keith's objections on May 17, 2018, the court noted that a hearing was held on January 23, 2018, and that a "transcript of the proceedings was ordered, however, was later declined, and was not available to the court, pursuant to Mont. D.R. Rule 4.44 and Mont. D.R. Rule 4.45." The court determined as follows:

> Keith filed his Motion to Vacate Order per Civil Rules 60B & 60D or Modify more than three years from the date of the filing of the Magistrate Decision he seeks to vacate. The magistrate noted that the only reason offered for his tardy filing was that he did not "recall" seeing the notice for the hearing. The court agrees with the magistrate that Keith's Motion to Vacate Order was not timely filed.

> In his objections, Keith claimed "there was a motion to vacate per Civil Rule 60(d), that was not ruled on." This objection is not well taken. The magistrate specifically indicated in her decision that the hearing was held on January 23, 2018 "pursuant to defendant's amended motion to vacate or modify filed August 30, 2017." The motion filed on August 30, 2017, even though designated "Amended", is the same motion filed by Keith on August 24, 2017; "Motion to Vacate Order per Civil Rule 60B & 60D or Modify". Not only did the magistrate find that Keith's Motion was not timely

filed, she also found that Keith did not present any probative evidence to show that he is entitled to relief from judgment. The magistrate found that Keith did not provide sufficient evidence of error in the SEA calculations of child support based upon the court's judgments. The court must accept this finding of fact by the magistrate. This objection is found not to be well taken.

Keith objected to the magistrate's finding that he continues to have an arrearage with the SEA based upon cash medical support, which was ordered to be paid from August 1, 2012 until June 7, 2014. Keith contended that the minor children were covered by insurance during the applicable time period so there should have been no cash medical support required. Keith offered as Defendant's Exhibit C copies of FirstGuard Health Plan cards in the children's names. The cards do not contain any indication as to the date when coverage was effective or which party provided coverage. Again, the court is bound by the magistrate's findings of fact in her decision in the absence of a transcript. The magistrate found that the cards did not sufficiently support Keith's position that no cash medical support was necessary or that he was entitled to the relief requested. The court agrees with the magistrate and finds this objection not well taken.

Keith made a claim in his Objections that he was entitled to a refund for overpayment in the amount of $611.67. This claim is not supported by the findings of fact in the Magistrate['s] Decision. This objection is not well

taken.

Finally, Keith makes a claim for reimbursement for his "costs and reasonable attorney fees associated with this action. . ."  Again, there is no finding of fact by the magistrate to support his claim for reimbursement. This objection is not well taken.

Accordingly, after careful consideration of the Magistrate's Decision, the findings of fact contained therein, and Keith's objections thereto, it is the order of this court that Keith's Objections are found to be not well taken and are overruled.

{¶ 24} The court dismissed Keith's "Amended Motion to Vacate Order per Civil Rules 60b & 60d or Modify" filed August 30, 2017, and ordered Keith to "commence payment on the arrearage if any, immediately."

{¶ 25} Keith's "Civil Docket Statement" identifies the following probable issue for review: "that child medical support is owed by defendant.  The order dated August 2[7], 2012 goes against previous court order and was done so without proper notification of defendant.  The order also contradicts itself in that it states terms if no health insurance is available and it orders $75 per month cash medical support, plus the SEA 2% to be paid by defendant."

{¶ 26} In his pro se brief, Keith "disputes that there is an arrearage owed for child support but that there is an over payment of $619.54."  Keith asserts that he first became aware of an "issue" with child support "when he was sent a letter, dated September 8, 2014, by the Montgomery county Child Enforcement Agency * * * claiming that there was an arrearage of $22,315.23."  He asserts that the SEA never responded to his repeated

inquiries regarding the arrearage. Keith asserts that he also received a September 12, 2014, letter from the SEA "stating that there was a monthly obligation of $231.54 due each month," which he contested in writing to the SEA without reply.

{¶ 27} Keith asserts that he learned in April 2016 that his insurance company dropped his coverage "due to a suspended driver's license" based upon his arrearage. Keith asserts that he obtained a payment history from the SEA in 2017 and "added what was paid versus what was owed and that showed an over payment of about $619.00."

{¶ 28} Keith notes that he filed a motion to correct the error in his obligation on July 5, 2017, and that a hearing occurred on August 15, 2017. He asserts that the "outcome of this hearing was that the [arrearage] was shown to be wrong and lowered from the $22,000 to about $1,000." He asserts that "this amount was still not right and * * * according to the correct court orders and using the [SEA's] own payment history, * * * there is an overpayment of about $619.00."

{¶ 29} Keith asserts that the "evidence that no notice was given to [him] is that first there was no certified notice sent nor is there a signed signature card of such notice informing the defendant that the court was having a hearing to modify child support per Civ.R. 4.4(A)." Keith asserts that "not once did the agency inform [him] of the May 5, 2014 order." Keith asserts that "the ruling was only based on Civil Rule 60(B) but the motion also was to vacate per Civil Rule 60(D)."

{¶ 30} Keith argues that the SEA provided "no reason for adding cash medical support." He asserts that "per the plaintiff the children had medical insurance through the state of North Carolina. The plaintiff never purchased medical insurance for the children and thus did not have any out of pocket expense for the medical insurance. * * *

The August 27, 2012 hearing was done without notifying the defendant and no evidence was provided to contradict this."

{¶ 31} Keith asserts that he "was informed that if he could provide evidence of medical insurance for the children that cash medical obligation would be dismissed. The defendant then filed to subpoena this information from the plaintiff on January 5, 2018 in which the plaintiff did not comply." He asserts that he "then delivered a contempt of court and order to show cause to the domestic relations compliance office about March 15, 2018." He argues that contempt motion "was finally filed on June 25, 2018. Defendant has also filed on June 25, 2018 a motion to vacate the August 12, 2012 magistrate's decision and is still waiting for a hearing date for this."

{¶ 32} Finally, Keith asserts as follows:

In summary, the defendant would argue that since the defendant was never notified of the action to modify the child support obligation or child medical support, the defendant should be granted relief from this judgment. The defendant should also be granted his court costs since he should not have had to go through this if it would have been handled properly in the first place and the over payment of child support in the amount of $619.00. And the defendant should have his driver's license be reinstated at no cost to him. The cash medical support to be dismissed since it goes against previous agreed orders and that the defendant was never notified of the hearings or given a chance to represent himself or appeal and that the defendant should not have to pay cash medical support to the plaintiff since she had no out of pocket expense for child medical insurance. The

defendant is just wanting to have these issues corrected.

{¶ 33} Counsel for the SEA responds that Keith did not follow App.R. 16 in preparing his brief, noting that the brief lacks assignments of error, with reference in the record where each error is reflected, as well as a statement of the issues presented for review. According to the SEA, without "these required pieces, the Appellee is left to guess as to what the issues and errors the Appellant believes exist." Further, counsel for SEA asserts that Keith never made the agency a party and did not serve the SEA "with any of the appropriate documentation including, but not limited to, notice of appeal, record on appeal, or his brief."

{¶ 34} Counsel for SEA further asserts that Keith's child support was not modified at the hearing on April 30, 2014, and that a "clerical error was made by the court in its May 5, 2014 decision from that hearing that resulted in a different support amount ordered." Counsel for SEA noted that Keith "filed a Motion to Correct an Error on July 5, 2017," and that "the court found in his favor via Magistrate Decision filed on September 29, 2017 and corrected the error contained in the May 5, 2014 decision. This decision reduced his arrearage amount to $1,154.02 plus administrative fees of $351.22." Counsel for SEA notes that it "is important to note that the hearing on April 30, 2014 was a mistake of fact hearing regarding the emancipation of the parties' child, [E.A.C.]," that Keith requested. Counsel for SEA notes that notice of the "hearing was sent by the court on March 19, 2014 to his address, which he confirmed at the trial level. He chose not to appear at this hearing."

{¶ 35} Finally, counsel for SEA asserts that Keith "is attempting to use the Federal Rules of Civil Procedure, which offer a rule 60(d), 'Other Powers to Grant Relief.' "

Counsel for SEA argues that the rules of civil procedure that guide this court are the Ohio Rules of Civil Procedure and that Ohio's rule does not include "a 60(d) option." Therefore, the court did not abuse its discretion; it merely applied the applicable rules for his action.

**{¶ 36}** We agree with counsel for SEA that Keith failed to comply with App.R. 16, and we note that it is well-settled that " '[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants.' " *Dunina v. Stemple*, 2d Dist. Miami No. 2007 CA 9, 2007-Ohio-4719, ¶ 3, quoting *Yocum v. Means,* 2d Dist. Darke No. 1576, 2002-Ohio-3803. "A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' "*Id.*

**{¶ 37}** As this Court has previously noted:

Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. Therefore, magistrates do not constitute a judicial tribunal independent of the court that appoints them. Instead, they are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint. * * * Civ.R. 53(E)(4)(b) contemplates a *de novo* review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's *de novo* review. The magistrate is a subordinate officer of the trial court not an independent officer

performing a separate function.

*Francis v. McDermott*, 2d Dist. Darke No. 1744, 2008-Ohio-6723, ¶ 12, quoting *Quick v. Kwiatowski*, 2d Dist. Montgomery No. 18620, 2001 WL 871406.

**{¶ 38}** As this Court has previously noted:

"Once an order has been journalized by a trial court as a final appealable order, that order cannot be modified or vacated except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), or Civ.R. 60(B) (motion for relief from judgment)."

*Krumheuer v. Flowers & Versagi Reporters*, 8th Dist. Cuyahoga No. 72431, 1997 WL 691169, * 2, citing *In re Guardianship of Mauer*, 108 Ohio App.3d 354, 357, 670 N.E.2d 1030 (6th Dist. 1995); *Pitts v. Dept. of Transp.,* 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981); and Civ.R. 54(A).

*Upkins v. Brosh*, 2d Dist. Miami No. 2018-CA-2, 2018-Ohio-2971, ¶ 24.

**{¶ 39}** Civ.R. 60 provides:

(A) Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *

(B) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3)

fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *

**{¶ 40}** As this Court has further noted:

* * * To prevail on a Civ.R. 60(B) motion, the movant must show that (1) he has a meritorious defense or claim to present if relief were granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) his motion is timely. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All three elements must be established, and the "the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

*Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co.*, 2d Dist. Montgomery. No. 24843, 2012-Ohio-3387, ¶ 20.

**{¶ 41}** We review the trial court's denial of Keith's motion for an abuse of discretion. *Id.* An abuse of discretion occurs when a court's attitude is unreasonable, arbitrary, or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most

instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*; *see also Przybyla v. Przybyla*, 2d Dist. Montgomery No. 27852, 2018-Ohio-3071, ¶ 33.

**{¶ 42}** We initially note that, while Keith's notice of appeal provides that he is appealing the court's decision of May 17, 2018, the probable issues for review that he identified, as noted above, appear to be directed to the trial court's order of August 27, 2012, which in part ordered Keith to pay $75 per month in cash medical support. We note that the court's docket reflects that on August 24, 2018, the trial court overruled Keith's motion to vacate the August 27, 2012 order.

**{¶ 43}** We further note that Keith's amended motion to vacate was not timely filed and was subject to dismissal on that basis alone, as the trial court concluded. Most significantly, the trial court properly dismissed Keith's amended motion to vacate, since prior to the Magistrate's ruling on the motion, on January 24, 2018, the trial court ruled upon Keith's objections to the Magistrate's Decision of September 29, 2017. In doing so, the court corrected the May 5, 2014 decision, pursuant to Civ.R. 60(A), as set forth above, three and half years after the May 5, 2014 decision was issued. Keith's August 24, 2017 motion to vacate and his August 30, 2017 amended motion were specifically addressed to the original, uncorrected decision of May 5, 2014. In other words, Keith failed to establish that he was entitled to relief pursuant to Civ.R. 60(B).

**{¶ 44}** We further agree with the SEA that Fed.R.Civ.P. 60(d) does not apply herein. That rule provides:

(d)  Other Powers to Grant Relief.   This rule does not limit a court's power to:

(1)  entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2)  grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Ohio Civ.R. 60 does not contain a comparable provision, and Keith's reliance upon the federal rule is misplaced.

**{¶ 45}**  Finally, to the extent that Keith seeks reinstatement of his driver's license, this court lacks authority to provide the requested relief; Keith may accomplish reinstatement by paying his arrearage.

**{¶ 46}** For the forgoing reasons, Keith's assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Keith B. Calicoat
Aaron Hill
Polly Calicoat
Hon. Timothy D. Wood