[Cite as *Calicoat v. Calicoat*, 2019-Ohio-2031.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| POLLY A. CALICOAT | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28134 |
| | : | |
| v. | : | Trial Court Case No. 97-LS-57 |
| | : | |
| KEITH B. CALICOAT | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of May, 2019.

. . . . . . . . . . .

POLLY A. CALICOAT, 20681 Elkhart Street, Harper Woods, Michigan 48225
       Plaintiff-Appellee, Pro Se

KEITH B. CALICOAT, 266 Skyview Drive, Vandalia, Ohio 45377
       Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Keith Calicoat appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which overruled his Civ.R. 60(B) motion to set aside a 2012 order adopting an administrative child support recommendation made by the Support Enforcement Agency ("SEA"). After reviewing the record, we conclude that Mr. Calicoat's arguments lack merit, and we affirm the judgment of the trial court.

## I.        Facts and Procedural History

{¶ 2} Polly and Keith Calicoat were granted a Decree of Legal Separation in 1998. The parties had two minor children at that time. Ms. Calicoat was named the residential parent and legal custodian of the children. Mr. Calicoat was ordered to pay child support of $307 per child per month.

{¶ 3} In October 1999, Mr. Calicoat, acting pro se, filed a Civ.R. 60(B) motion to vacate the custody determination, claiming that his attorney misled and harassed him in order to have Mr. Calicoat agree that Ms. Calicoat would get custody of the children. The magistrate filed a decision denying the motion to vacate. Mr. Calicoat filed objections, but the trial court overruled the objections and adopted the magistrate's decision. No appeal was taken.

{¶ 4} In October 2004, Mr. Calicoat filed a motion to reduce his child support obligation. The magistrate denied the motion by decision filed January 31, 2005. No objections were filed, and no appeal was taken.

{¶ 5} Mr. Calicoat again filed a motion to reduce child support in April 2005. On May 11, 2005, the parties entered into an agreed order which waived Mr. Calicoat's child

support arrearages. The order also reduced Mr. Calicoat's child support obligation by $100 per month to a total payment of $514 per month or $257 per child, for a period of eight months in order to permit Mr. Calicoat to recoup monies Ms. Calicoat owed to him regarding a vehicle she was awarded in the separation decree.

{¶ 6} On July 6, 2005, the parties entered into another agreed order which reduced Mr. Calicoat's child support obligation to $189 per month per child. The order further provided that, because health insurance was not available, Ms. Calicoat would be responsible for the first $100 in uninsured medical/dental/optical expenses and that the parties would divide any remaining expenses in accordance with their percentage of income as set forth on line 16 of the child support computation worksheet.

{¶ 7} On April 10, 2006, Mr. Calicoat filed a motion to modify custody and terminate child support. The magistrate overruled the motion, and no objections were filed.

{¶ 8} On March 26, 2012, the trial court issued a notice to the parties that the parties' son would be emancipated as of June 8, 2012. The notice also informed the parties that SEA documents showed Mr. Calicoat owed a child support arrearage of $1,292.36. The notice further provided that if either party wished to contest the SEA records they should return the attached request for hearing. Neither party requested a hearing.

{¶ 9} On July 16, 2012, the trial court entered an order emancipating the parties' son, who was 19 and had graduated high school. The order also required Mr. Calicoat to continue to pay $189 per month in child support for one child and to pay $189 per month for his child support arrearage. The order contained Civ.R. 54(B) language. No appeal was taken.

{¶ 10} On July 26, 2012, the SEA conducted an administrative review. The record shows that Ms. Calicoat provided her income affidavit, but Mr. Calicoat failed to return his affidavit or to otherwise verify his income for the review. Thus, the SEA utilized the income provided by Mr. Calicoat in 2005 in its child support calculations. Based upon the child support computation worksheet, the SEA recommended that Mr. Calicoat's child support obligation be modified as follows:

Starting on the first day of the month in which private health insurance is being provided * * * [Mr. Calicoat] shall pay $249 per month for current child support plus 2% processing charge, for a total of $253.98. The Guidelines Worksheet is attached and made a part hereof.

Starting on the first day of the month in which private health insurance is no longer being provided * * * the Child Support Obligor shall pay $206.00 per month for current child support, and $75 per month for cash medical support plus 2% processing charge, for a total of $286.62.

{¶ 11} The SEA's recommendation was filed with the court on July 27, 2012. It contained language indicating that it was issued to the parties. On August 27, 2012, the trial court entered an order adopting the recommendation. The trial court noted that the recommendation had been issued to the parties and that neither party had made any request for further review. Based upon the SEA's recommendation, the trial court entered an order modifying child support by increasing Mr. Calicoat's current child support obligation to $206 per month. The trial court found that there was no evidence presented that the remaining child for whom child support was ordered was covered by medical insurance at that time. Thus, in accord with the recommendation, the court also ordered

Mr. Calicoat to pay $75 per month in cash medical support. As to any remaining uninsured medical expenses, the court further ordered Ms. Calicoat to pay the first $100 per year, and the parties to split the remaining expenses in accord with the percentage of their income as found on the attached child support computation worksheet. Finally, the court ordered Mr. Calicoat to pay an additional $189 per month toward his accrued arrearages. No appeal was taken.

{¶ 12} On March 13, 2014, a notice of emancipation for the second child was issued, indicating that the child would be considered emancipated as of June 8, 2014. The notice also stated that the SEA records showed an unaudited child support arrearage of approximately $3,085. Six days later, Mr. Calicoat filed a request for a mistake of fact hearing, claiming that the emancipation date was incorrect and that the records of the SEA were incorrect, because they showed a support arrearage which he claimed did not exist. A hearing was set for April 30, 2014, and notice of the hearing was mailed to the parties.

{¶ 13} The magistrate conducted a hearing on April 30, 2014. Neither party appeared but a representative from the SEA was present.[1] The magistrate issued a decision on May 5, 2014, denying Mr. Calicoat's challenge to the emancipation date. The magistrate also noted that the SEA's records did not account for the changes in support made by the May 11, 2005 agreed order reducing Mr. Calicoat's child support obligation by $100 per month. Thus, the magistrate stated that the "child support

---

[1] The record indicates that Mr. Calicoat was issued notice of the hearing. Further, in a subsequent hearing conducted in 2017, at which the court and Mr. Calicoat discussed the mistake of fact hearing, Mr. Calicoat stated that he arrived late for the hearing because he was mistaken as to the time set for the hearing.

obligation for the eight month period, May 1, 2005 through December 31, 2005, should have been $257 per month per child for two children. Effective January 1, 2006 the obligation should had [sic] returned to $307 per month per child for two children." Dkt. No. 266. The magistrate ordered the SEA to conduct an audit of the account in conformity with its ruling. No objections were filed, and no appeal was taken.

{¶ 14} On July 5, 2017, Mr. Calicoat filed a motion to correct an error in his child support obligation; he claimed that he had no arrearage and that he was entitled to a refund due to an approximately $600 overpayment of support. A hearing was conducted on August 15, 2017. On September 29, 2017, the magistrate filed a decision in which it acknowledged, and corrected, an error set forth in the May 5, 2014 decision. Specifically, the magistrate agreed with Mr. Calicoat's claim that the 2014 decision improperly stated that the child support obligation would return to $307 effective January 1, 2006. The magistrate also agreed with Mr. Calicoat that the child support obligation should have returned to the sum of $189 in accord with the 2005 agreed orders. The magistrate adjusted child support accordingly but noted that, even with the correction, Mr. Calicoat had a remaining arrearage of $1,154.02.

{¶ 15} Mr. Calicoat filed objections in which he argued that the magistrate's arrearage finding was incorrect. He also argued that the cash medical support payments effective August 1, 2012 should not have been put in place because the children were covered by medical insurance at that time. On January 24, 2018, the trial court affirmed the magistrate's decision as to the correction of the child support obligation, but afforded Mr. Calicoat the opportunity to provide evidence of his claim that the children had been covered by health insurance at the times relevant to his motion.

{¶ 16} On August 24, 2017, Mr. Calicoat filed a motion to vacate the May 5, 2014 magistrate's decision. In the motion, he again argued that the order incorrectly stated that, as of January 1, 2006, his support obligation would return to $307. He also claimed that he was not provided notice that the magistrate would modify child support in 2014. Mr. Calicoat filed an amended motion on August 30 which made the same arguments as the original motion to vacate.

{¶ 17} A hearing on Mr. Calicoat's motion to vacate was conducted on January 23, 2018. On February 21, 2018, the magistrate filed a decision denying the motion; it found that the motion was not timely and that Mr. Calicoat had not presented any probative evidence to support his request for relief. Mr. Calicoat filed objections, which were overruled by the trial court.[2]

{¶ 18} On June 25, 2018, Mr. Calicoat filed a document entitled "Motion to Vacate Order per Civil Rules 60b & 60d or Modify." In the motion, Mr. Calicoat stated that the trial court should vacate or modify the trial court's order of August 27, 2012, which adopted the SEA administrative review and adjustment to child support. In support, he argued that he was not "notified that this hearing was going to modify any support, nor did [he] receive a copy of the order." Dkt. No. 6. He further argued that the SEA erred by recommending the payment of cash medical support when there was no evidence regarding whether the children had health insurance coverage.

{¶ 19} The trial court overruled the motion as untimely. The trial court further found that the issue raised by Mr. Calicoat was the same as his argument raised in motion

---

[2] Mr. Calicoat appealed the trial court's judgment. We affirmed, finding that the motion was untimely and that the trial court had previously corrected the claimed error. *Calicoat v. Calicoat*, 2d Dist. Montgomery No. 28014, 2018-Ohio-4447.

to vacate the 2014 decision.

{¶ 20} Mr. Calicoat appeals.

## II. Analysis

{¶ 21} Mr. Calicoat has failed to assert an assignment of error in his appellate brief.[3]   After reviewing his brief, we understand his argument to hinge upon his belief that the trial court should have vacated the August 27, 2012 order.   Thus, we assign the following as Mr. Calicoat's sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE

MOTION TO VACATE JUDGMENT.

{¶ 22} In his brief, Mr. Calicoat contends that he is entitled to relief under the provisions of Civ.R. 60(B) because he was not notified that child support would be modified during the administrative hearing conducted in 2012.   He further contends that he did not become aware of the August 2012 modification of child support until the 2017 proceedings to vacate the May 5, 2014 decision.   He further contends that the issue of medical coverage for the children was handled by the 2005 agreed orders, and thus, by his reckoning, there was no basis for ordering him to pay cash medical support.

{¶ 23} Civ.R. 60(B) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party

or his legal representative from a final judgment, order or proceeding for the

following reasons: (1) mistake, inadvertence, surprise or excusable neglect;

---

[3] He has also failed to comply generally with the provisions of App.R. 16 regarding the format and content of an appellate brief.

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 24} In order to prevail on a Civ.R. 60(B) motion, a movant must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any one of these three requirements is not met, the moving party cannot prevail. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994), citing *GTE* at 151.

{¶ 25} The decision to sustain or overrule a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). In order to find an abuse of discretion, the reviewing court must conclude that the trial court

demonstrated an arbitrary, unreasonable, or unconscionable attitude. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 26} We first note that Mr. Calicoat's motion to vacate merely made a generalized citation to Civ.R. 60(B).[4] In his appellate brief, he cites Civ.R. 60(B)(5) as the basis for his request for relief. However, Civ.R. 60(B)(5) is a catch-all provision that may not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B), and it may only be applied in extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraphs one and two of the syllabus; *Hall v. Hall*, 2d Dist. Greene No. 2017-CA-12, 2017-Ohio-7932, ¶ 47.

{¶ 27} In reviewing Mr. Calicoat's argument, it is clear that his claim actually fell under Civ.R. 60(B)(1), as he contends his failure to contest the August 2012 administrative review was the result of the fact that he did not receive notice thereof. Thus, his motion for relief was required to be filed within one year of the judgment he sought to vacate. Mr. Calicoat's motion was obviously untimely since that judgment was filed in 2012, and his motion to vacate was filed in 2018.

{¶ 28} Further, the record belies Mr. Calicoat's claim that he did not receive notice of the 2012 administrative review or the subsequent modification. The record indicates that the SEA issued a copy of its administrative recommendation to the parties along with a notice that he could contest the recommendation by returning an attached form. The record also demonstrates that the trial court sent a copy of the ensuing modification of

---

[4] He also refers to Civ.R. 60(D). However, only the Federal Rules of Civil Procedure have a 60(D) provision; the Ohio Rules of Civil Procedure do not. Obviously, the federal rules do not apply in this case.

support to Mr. Calicoat. Mr. Calicoat has verified his address in the record. There is nothing in the record to indicate that the mailing was returned to the clerk of courts. Thus, the record supports a presumption that Mr. Calicoat received notice of the modification. *See Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180, 542 N.E.2d 340 (1989) (under the "mailbox rule," once a notice is mailed, it is presumed to be received in due course). Mr. Calicoat presented no competent evidence to rebut that presumption. Additionally, during the hearing conducted on August 15, 2017 regarding vacation of the 2014 order, Mr. Calicoat indicated that he made the 2014 request for a mistake of fact hearing, in part, to determine why his child support obligation had been increased from $189 to $207; this assertion indicated that he was aware of the 2012 modification as early as 2014. Likewise, the magistrate's decision on that mistake of fact hearing corroborated the fact that Mr. Calicoat was aware of the 2012 adjustment to his child support obligation. We also note that, in our opinion affirming the trial court's order denying Mr. Calicoat's motion to vacate the 2014 order, we observed that Mr. Calicoat admitted that he had knowledge of the 2012 order as early as 2014, but did not file a motion to vacate at that time. *See Calicoat v. Calicoat*, 2d Dist. Montgomery No. 28014, 2018-Ohio-4447, ¶ 26. Thus, even if his claim did fall under Civ.R. 60(B)(5), we would find that he did not file his motion to vacate the 2012 order within a reasonable time.

{¶ 29} We turn next to Mr. Calicoat's alleged meritorious defense and note that it too fails. Specifically, he contends that the trial court's 2012 order was erroneous because it improperly required him to pay cash medical support. In support, he claims that the children were insured. However, there is no competent evidence in this record to support a finding that the children were insured at any time relevant to this appeal.

{¶ 30} After reviewing the record, we find no abuse of discretion. As noted, if any of the three requirements under Civ. R. 60(B) is not met, the motion to vacate is properly denied.

{¶ 31} Accordingly, Mr. Calicoat's sole assignment of error is overruled.

### III.  Conclusion

{¶ 32} Mr. Calicoat's assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Polly A. Calicoat
Keith B. Calicoat
Hon. Timothy D. Wood